STATE OF VERMONT

SUPERIOR COURT

ENVIRONMENTAL DIVISION
Docket No. 135-10-17 Vtec

---

Green Mountain Quarry, LLC Act 250

---

## ENTRY REGARDING MOTION

Appeal from Act 250 District Commission Decision

Title:         Motion for Party Status (Motion 2)

Filer:         Eric & Stacey Carpenter

Attorney:    Ronald A. Shems

Filed Date:  November 30, 2017

No response filed (Response deadline set by the Court as Jan. 31, 2018.)

**The motion is GRANTED IN PART.**

Eric and Stacey Carpenter are part of a group of neighbors who expressed concerns about the possible impacts that may be caused by the operations proposed at the Waterford, Vermont project site of Cross-Appellant/Applicant Green Mountain Quarry, LLC ("Green Mtn."). When the District 7 Environmental Commission ("District Commission") considered Green Mtn.'s application for an Act 250 permit, the District Commission conferred preliminary party status upon all of the neighbors, including Mr. and Mrs. Carpenter, upon whom the Commission conferred preliminary party status under Act 250 Criteria 1, 2, 3, 5, and 8. Re: Green Mountain Quarry, LLC, Application #7C0505-1 Findings of Fact and Conclusions of Law at 2 (Dist. 7 Envtl. Comm. Oct. 4. 2017) ("District Commission Decision").

The District Commission held its initial hearing on Green Mtn.'s application on May 9, 2017, and adjourned those proceedings on September 18, 2017, after having received additional submissions by the parties. In its October 4, 2017, Decision, the District Commission announced its final party status determinations, which included a denial of all of the Carpenter's party status requests. The District Commission explained that it had denied the Carpenters final party status because they "had not attended the hearing or participated after the hearing." Id. at 3.

All of the neighbors who received preliminary or final party status, including the Carpenters, appealed the District Commission Decision. They filed a joint Statement of Questions, listing five legal challenges to the District Commission Decision. Green Mtn. also filed a cross-appeal.

By the pending motion, Mr. and Mrs. Carpenter seek party status under Act 250 Criteria 1, 2, 3, 5, and 8. They represent that they live across the road from the proposed new access road for the Green Mtn. project site. The Carpenters make generalized allegations that they will be "severely impacted by this project," although they provide no details as to the factual basis for this allegation, nor do they provide factual representations concerning the possible impacts that they may suffer under the specified criteria concerning air, water, erosion, traffic, and aesthetic impacts. See 10 V.S.A. §§ 6086(a)(1), (2), (3), (5), and (8).

We note, however, that neither Green Mtn., nor any other party has voiced opposition to the Carpenters' party status request. We further note that the proximity of the project to the Carpenters' home leads us to assume that there is a possibility of impacts upon their particularized interests under the Criteria listed. Based upon that assumption, we conclude that the proposed project could adversely impact Mr. and Mrs. Carpenter under Act 250 criteria 1, 2, 3, 5, and 8. Pursuant to 10 V.S.A. § 6085(c)(1)(E), we conclude that Mr. and Mrs. Carpenter have made a sufficient preliminary showing that they are owners of adjoining property who may have particularized interests that may be affected by the act or decision that is the subject of this appeal.

Because we are unclear, based upon the limited facts presented, as to what particularized interests and impacts may be involved, we only confer preliminary party status upon the Carpenters, under the Criteria requested, and will revisit our party status determination at the close of evidence in this de novo appeal, pursuant to Act 250 Rule 14(E).

We note that the Carpenters and their attorney appear to conflate the legal concepts of party status and standing to appeal an Act 250 determination. To participate in any Act 250 proceeding, an individual must show that they have party status by specifically alleging that they have a particularized interest that may be affected by the proposed project. See 10 V.S.A. § 6085(c)(1)(E). To also have rights to appeal a determination made in an Act 250 proceeding, an individual must show both that they (1) have party status and (2) participated in some way in the proceedings. 10 V.S.A. § 8504(d)(1).

Those who wish to appeal without having participated may gain permission from this Court to appeal, when (A) there is a sufficient showing of a procedural defect; (B) the decision being appealed is a denial of party status; or (C) "some other condition exists which would result in manifest injustice if the person's right to appeal was disallowed." 10 V.S.A. § 8504(d)(2).

The Carpenters represent that their absence was the result of physical and mental illnesses from which Mrs. Carpenter suffers that are so severe as to require Mr. Carpenter to provide primary care for his wife. We extend our sympathies to Mrs. and Mr. Carpenter. However, without a more specific showing, we cannot conclude that their failure to participate below should nonetheless allow them to serve as appellants in this proceeding.

We have previously established a broad definition of what constitutes "participation." See, e.g., In re Verizon Wireless Barton Act 250 Permit Telecomm. Facility, No. 61-1-09 Vtec, slip op. at n. 7 (Vt. Envtl. Ct. Feb. 2, 2010) (Durkin, J.), *aff'd May 1, 2012 (unpub. entry order) available at* *https://www.vermontjudiciary.org/sites/default/files/documents/eo11-204.pdf*. We are left to wonder why the Carpenters did not participate by merely sending in a written statement of

their concerns to the District Commission.  We also believe that before any representation of physical or mental illness would warrant the relief that the Carpenters request, we would need to be provided with a written representation from Mrs. Carpenter's treating physician, specifying the illnesses suffered and confirming that the illnesses are so debilitating as to prohibit her participation.

All of our discussion here may prove to be more academic than substantive.  We have determined here that the Carpenters are entitled to preliminary party status on all the requested Criteria.  That status entitles them to participate as Interested Persons under all the legal issues raised by their neighbors, who remain Appellants in this proceeding.  Therefore, the fact that the Carpenters may participate as Interested Persons, but not appellants, is most likely a distinction without a substantive difference in this appeal.

For all these reasons, we **GRANT** Mr. and Mrs. Carpenter preliminary party status under Act 250 Criteria 1, 2, 3, 5, and 8.  However, their status in this appeal is that of Interested Persons only; they shall no longer be regarded as appellants in this proceeding.


**So Ordered.**

Electronically signed on April 30, 2018 at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Superior Judge
Environmental Division

Notifications:
Ronald A. Shems (ERN 5032), Attorney for Appellants Fred & Mary-Em Saar, Susan Hutchinson, Dane Thorgelsen, Joan Adams, Kevin Pratt, Alexander Wood, and Eric & Stacey Carpenter
Gregory J. Boulbol (ERN 1712), Attorney for the Vermont Natural Resources Board
Jon T. Anderson (ERN 1856), Attorney for Cross-Appellant/ Applicant Green Mtn. Quarry, LLC